Appeal from so much of a judgment as awarded the defendant the sum of $3,650, with interest in the amount of $1,882.19, for salary alleged to be due him. The action was for goods sold and delivered. Defendant, in his counterclaim, alleged, among other things, that the sum of $3,650, was due him as salary, in accordance with a resolution of the board of directors fixing his salary at $50 a week. The resolution of the directors was not void as a matter of law, but at the most was merely voidable. The defendant and one Usher were the sole directors and officers of the corporation after 1934, and the sole stockholders with the exception of one Pugh, who acquired twenty shares some time subsequent to March 1, 1934. The rights of creditors are not involved, and a salary in the amount fixed by the resolution was paid to defendant over a period of years without' protest on the part of anyone. Usher claims that the defendant in March, 1946, executed a waiver and release of the salary provided for him by the resolution. Defendant denies that he executed such a release, contending that he affixed his name to a blank piece of paper. The Referee found that the body of the instrument was written in after defendant had signed his name. There is no proof to sustain this finding by the Referee. That part of the judgment appealed from is reversed, on the law and facts, with costs. All of plaintiff’s requests to find should be granted, and all of defendant’s requests to find which are at variance with the plaintiff’s requests should be denied, and particularly all of the defendant’s requests to find which involve the release of salary from No. 21 to and including No. 28. Hill, P. J., Heffernan, Foster and Russell, JJ., concur; Brewster, J., not sitting. [See post, p. 979.]